BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: Ethicon, Inc. Pelvic Repair System Product Liability Litigation<br><br>This document relates to the following case:<br><br>Eastern District of Kentucky, Cause No.: Mayfield v. London Women's Care, PLLC, et al., 6:15-cv-00019-DLB | MDL NO. 2327 |

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER-159 ("CTO-159")

On February 23, 2015, the United States Judicial Panel on Multidistrict Litigation issued Conditional Transfer Order 159 ("CTO-159"). Presently pending before the United States District Court for the Eastern District of Kentucky is Plaintiffs' motion to remand pursuant to 28 U.S.C. §1447(c). No transfer to this Court can or should be made unless the United States District Court for the Eastern District of Kentucky has subject matter jurisdiction of this action.

Accordingly, the MDL should vacate the CTO-159, and allow the transferor court to rule on the motion to remand.

**I.  The MDL should vacate the Conditional Transfer Order ("CTO-159"), allowing the transferor court to rule on the motion to remand.**

    **A.  The transferor court should rule on Plaintiffs' motion to remand based on its superior familiarity with the relevant state law and in considering principles of comity and judicial economy.**

Plaintiffs submit that a transfer to another court before the putative transferor court decides the motion to remand would be inappropriate and a needless waste of all parties' time and resources. The transferor court retains jurisdiction on pending motions

despite the entry of a conditional transfer order. *See, e.g., Smith v. Mail Boxes, Etc.*, 191 F.Supp.2d 1155, 1157 (E.D. Cal. 2002) (quoting J.P.M.L. R. 1.5: ". . . conditional transfer order . . . does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court."); *Kohl v. Am. Home Products Corp.*, 78 F. Supp. 885, 888 (W.D. Ark. 1999) (same); *Illinois Municipal Retirement Fund v. CitiGroup, Inc.*, 391 F.3d 844, 851-52 (7th Cir. 2004)(in a case involving a remand order by a district court, while an MDL had already been set up, the Seventh Circuit held "[w]e will not require a district court that believes that it lacks subject matter jurisdiction over a case to facilitate a transfer under § 1407, a statute that does not itself confer jurisdiction.")

Transfer to another federal court when the subject matter jurisdiction of the transferor court has been vigorously and fully contested is especially inappropriate. As the Sixth Circuit has observed in a similar context:

> No matter how desirable respondents feel it may be to consolidate in California all litigation in any way related to [the common question], there is nothing in the applicable statute to provide an exception to the rules normally governing removal of cases from state courts. Such a transfer cannot be made unless the district court properly has jurisdiction of the subject matter of the case.

Bancohio Corp. v. Fox, 516 F.2d 29, 32 (6th Cir. 1975).

Transferor courts are thus encouraged to decide motions to remand during the pendency of conditional transfer orders. In *Totola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F.Supp. 1186 (N.D. Cal. 1997), the court noted that it, as the transferor court, " . . . retains exclusive jurisdiction until the §1407 transfer becomes effective and, as such, motions to remand [to state court] should be resolved before the panel acts on the motion to transfer." *Id.* at 1189. Likewise, in *McQuilkin v. Ford Motor Co.*, Nos. 01-01-

92, 2001 WL 197840 (E.D. La. February 23, 2001), the court refused to refrain from ruling on a motion to remand merely because a conditional transfer order had been entered, finding that "the motion to remand centers on questions of state law with which the transferor court is more likely to be familiar that the MDL transferee court."

The questions raised by Defendants' removal of these actions bear directly at the constitutional constraints on federal jurisdiction, principles of comity between state and federal courts and evolving precepts of Kentucky jurisprudence. This court is certainly equipped to address those questions. Whether it should do so, however, must be answered with reference to the importance of the underlying issue, *i.e.,* the subject matter jurisdiction of the transferor court, the greater degree of familiarity that court has with state laws that affect its authority to act, the incentive to rule in the shadow of a conditional transfer order on motions that controvert its authority, and the courteous deference that should be extended to any court before which are pending critical questions that have been briefed by the parties, especially when the creation of conflicting authority will create havoc in the legal issues raised by Plaintiffs' complaint. These considerations weigh heavily in favor that the conditional transfer order be vacated and that the transferor court be permitted to rule.[1]

## II. Conclusion

For the foregoing reasons, CTO-159 regarding the case identified in Exhibit A (Schedule of Actions) should be vacated.

---

[1] If the district court subsequently denies the motion to remand, Plaintiff has no objection to the transfer.

Dated this 16th day of March, 2015    Respectfully submitted,

**CAREY DANIS & LOWE**

By:   /s/Jeffrey J. Lowe
      Jeffrey J. Lowe, #35114
      Andrew J. Cross, Esq. #57337
      8235 Forsyth Boulevard, Suite 1100
      Clayton, Kentucky 63105
      (314) 725-7700
      (314) 678-3401 (facsimile)

      MORGAN & WHITE LAW OFFICES
      Annette Morgan-White
      Yancey White
      2281 S. HWY. 421
      Manchester, KY 40962
      Ph: (606) 598-8188
      Fax: (606) 598-8196

      *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the parties hereto via first class mail on this 16th day of March, 2015, to:

Susan J. Pope, Esq.
Frost Brown Todd, LLC
250 W. Main St., Ste. 2800
Lexington, KY 40507
(859) 244-3204 (telephone)
(859) 231-0011 (facsimile)
spope@fbtlaw.com
*Attorneys for Defendants Johnson &*
*Johnson, Inc., Ethicon, LLC and Ethicon, Inc.*

Clayton L. Robinson
Jonathan D. Weber
Robinson & Havens, PSC
101 Prosperous Place, Ste. 100
Lexington, KY 40509
*Attorneys for Defendants Thomas Mechas, M.D.*
*and London Women's Care, PLLC*

W. Kennedy Simpson
Thompson Miller & Simpson PLC
734 West Main Street, Ste. 400
Louisville, KY 40202
(502) 357-1923
ksimpson@tmslawplc.com
*Attorneys for Defendant C.R. Bard, Inc.*

Harry Bell
The Bell Law Firm PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723
(304) 345-1700 (telephone)
(304) 345-1700 (fax)
hfbell@belllaw.com

115387.1                                5

Paul T. Farrell, Jr.
Greene, Ketchum, Bailey, Farrell & Tweel
419 11th Street
P.O. Box 2389
(304) 525-9115
(304) 529-3285 (fax)
paul@greeneketchum.com

Carl N. Frankovitch
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
(304) 723-4400 (telephone)
(304) 723-5892 (fax)
carl@facslaw.com

*Plaintiffs' MDL Co-Liaison Counsel*

Christy D. Jones
Butler, Snow, O'Mara. Stevens & Cannada, PLLC
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
(601) 948-5711 (telephone)
(601 985-4500 (fax)
christy.jones@butlersnow.com

*Defendant Ethicon, Inc.'s MDL Liaison Counsel*

Richard B. North, Jr.
Nelson Mullins Riley & Scarborough, LLP
Atlantic Station
201 17th St. NW, Ste. 1700
Atlanta, GA 30363

*Defendant C.R. Bard, Inc.'s MDL Liaison Counsel*

Robert R. Carr
Clerk of Court
United State District Court
Eastern District of Kentucky
101 Barr Street
Suite 206
Lexington, KY 40507

                                                s/ Jeffrey J. Lowe
                                                Counsel for Plaintiffs